UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL KELLEY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) |
| MASSACHUSETTS | ) |
| BOARD OF BAR OVERSEERS | ) |
| | ) |
| **Defendant.** | ) |

**DECLARATORY JUDGMENT COMPLAINT**

**PRELIMINARY STATEMENT**

1.  This is action for declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2001-2202, and Rule 57 of Federal Rules of Civil Procedure.

2.  The plaintiff, Michael Kelley is an attorney licensed to practice law within the Commonwealth of Massachusetts predominately representing individuals seeking disability benefits from the Social Security Administration and/or the Department of Veterans Affairs;

3.  The defendant, Massachusetts Board of Bar Overseers, is an department of the Secretary of State which oversees the licensing and conduct of attorneys within the Commonwealth of Massachusetts;

4.  The Defendant has proposed to issue a public reprimand for failing to provide a former client's file to successor council. Plaintiff argues that the aforementioned client files contained VA records which could not be released to a third party without a specific authorization pursuant to 38 CFR §1.476.

1

5. The Plaintiff is likely to sustain significant harm if the Defendant is allowed to interpret Federal Laws and Regulations improperly;

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1332;

7. An actual controversy exists between the Parties within the meaning of 28 U.S.C. §1331;

8. This Court has jurisdiction to review and interpret Federal Laws and Regulations pursuant to the Constitution of the United States;

9. The Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §405(g) and 42 U.S.C. §1383(c)(3);

## PARTIES

10. The plaintiff, Michael Kelley, is an attorney licensed by the Commonwealth of Massachusetts who predominately represents Veterans seeking benefits from the Social Security Administration and the Department of Veterans Affairs;

11. The Plaintiff's primary office is located at 44 School Street, Boston, MA 02108;

12. The defendant, Massachusetts Board of Bar Overseers, is an department of the Secretary of State which oversees the licensing and conduct of attorneys within the Commonwealth of Massachusetts;

13. The Massachusetts Board of Bar Overseers primary office is located on 99 High Street, Boston, MA 02110;

## FACTS

14. The Plaintiff represented a pair of Veterans in their quest to receive benefits from the Department of Veterans Affairs;

15. The aforementioned Veterans both retained a new representative named Butler who is an attorney licensed in Pennsylvania;

16. Attorney Butler requested a copy of both Veteran's files sent directly to her residence;

17. One of the Veterans has since terminated Attorney Butler and has re-retained the Plaintiff;

18. The Plaintiff informed Attorney Butler that the file release provided was inadequate to release the VA medical information contained within the file;

19. Attorney Butler refused to provide a release compliant with 38 CFR §1.476 signed by the Veterans;

20. The Plaintiff refused to release the records to Attorney Butler without a release compliant with 38 CFR §1.476;

21. Attorney Butler filed a Complaint with the Board of Bar Overseers;

22. The Defendant has cited the Plaintiff for failure to provide the requested file pursuant to the Rules of Professional Conduct which is in conflict with 38 CFR §1.476;

## CAUSE OF ACTION

## COUNT I

**Declaratory Judgment that the Federal Regulations require a HIPPA compliant authorization to disclose VA records to a third party**

23. The Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint;

24. The Plaintiff was unable to release the Veteran's files to a third party without a release compliant with 38 CFR §1.476;

25. As a result of the facts described in the foregoing paragraphs, an actual controversy of sufficient immediacy exists between the Parties;

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff prays for judgement as follows:

1. A declaration that Plaintiff was unable to release the Veteran's files to a third party pursuant to 38 CFR §1.476 without a HIPPA compliant authorization;

2. Any further relief to which the Plaintiff may be entitled.
    .

Dated:   Boston, Massachusetts

November 30, 2020

By Plaintiff's Attorney,

"/s/ Michael Kelley"
Michael Kelley, Esq.
BBO# 567329
44 School Street, Suite 815
Boston, MA 02108
Tel: (617) 523-1450